Filed 9/23/25  In re H.L. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| In re H.L., a Minor. | |
| D.M., | C102684 |
| Petitioner and Respondent, | (Super. Ct. No. 2024FL0061895) |
| v. | |
| D.C., | |
| Objector and Appellant. | |

D.M., the guardian of four-year-old minor, filed a petition under Family Code[1] section 7820 seeking to have minor declared free from the custody and control of his parents.  The trial court granted the petition as to minor's father, D.C. (father), finding that he had abandoned his son and that his felony convictions proved his unfitness to have custody and control.

On appeal, father contends that the trial court's findings are not supported by substantial evidence and that the court failed to comply with the requirements of the

_____

[1]  Undesignated statutory references are to the Family Code.

1

Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related California law. We conclude substantial evidence supports the court's order, but we will conditionally reverse the order granting the petition and remand the matter for compliance with California's ICWA requirements.

## I. BACKGROUND

We recite the facts in light of the standard of review applicable to a trial court's findings under section 7822, which requires that " ' "[a]ll conflicts in the evidence must be resolved in favor of the [party who prevailed in the trial court] and all legitimate and reasonable inferences must be indulged in to uphold the judgment." ' " (*Adoption of Allison C.* (2008) 164 Cal.App.4th 1004, 1010-1011.)

Minor was in February 2021 to M.L. (mother) in Lassen County. Minor had methamphetamine in his system, so mother went to a residential rehabilitation center with minor in Lake County until April 2021. Father is not listed on minor's birth certificate, but the parties do not dispute that he is minor's biological father.

In March 2021, father filed a petition in Mendocino County seeking custody of minor. The trial court denied father's request for temporary custody because he had failed to properly serve mother.

In mid-April 2021, mother moved with minor to live with father in Mendocino County. In May 2021, mother called her friend D.M. to help her escape from father, but father did not let mother take minor. Shortly thereafter, mother obtained a court order from Lassen County Superior Court to return minor to her custody and moved to D.M.'s residence with minor, where they stayed until July 2021. After the hearing in Lassen County in May 2021, father did not attend another court hearing regarding minor. The Mendocino County Superior Court eventually dismissed father's custody case in 2024 due to his failure to serve mother.

From July 2021 to December 2021, mother and minor lived with maternal grandmother, L.L. (grandmother). Father knew where grandmother lived and knew her

2

phone number, but he did not contact grandmother to locate or contact mother or minor during this time.

In November 2021, father was arrested in California on charges that he solicited a minor online and attempted to hire an underage prostitute in Texas between October and November of 2019. In December 2021, a mutual friend of mother and D.M. asked D.M. to come pick up minor and care for him because mother could not. D.M. went and picked up minor, and minor has resided with D.M. since then. In February 2022, D.M. filed a petition to be appointed minor's guardian, which the trial court granted in August 2022.

Meanwhile, father remained incarcerated in Texas and in July 2022, he pled guilty to both Texas charges and received a sentence of two years in prison. While incarcerated in Texas, father was served documents about paying child support for minor, but he did not pay child support. Before he completed his sentence in Texas, Lassen County prosecutors requested that Texas hold father. California law enforcement then picked father up and brought him to Lassen County Jail on a charge of possessing obscene matter knowing it depicts a minor. Father pled guilty to the charge and was released from jail in December 2023.

Father has had no contact with minor since May 2021. Father made no effort to contact mother from May 2021 until she wrote him a letter telling him that minor was living with friends. Father received the letter sometime between May and October of 2023, while he was incarcerated in Lassen County. At some point, father asked his adult daughters to send a message to D.M. through Facebook because D.M. had been one of the last people he had seen with minor, but they could not do so. After his release from jail in December 2023, father also tried to contact D.M. on Facebook, but he could not do so. In January 2024, father sent grandmother a text message asking for photos of minor and saying that he wanted his son back. Grandmother told father that she had learned

3

about his convictions and he should not contact her again. Prior to that message, neither father nor any of his family members had attempted to contact grandmother about minor.

Grandmother believes that mother's "biological father" had one grandparent with Indian ancestry, which she believes came from a Cherokee tribe. Father stated that he had a "[l]ittle bit" of Indian ancestry, which he believes comes from a Cherokee tribe.

At the hearing, D.M. argued that the trial court should declare minor free of father's control and custody because father abandoned his son under section 7822 and because his felony convictions proved his unfitness to have custody and control of minor under section 7825. Father argued that he did not have the intent to abandon minor, but rather that D.M., the court that ordered the guardianship, and the state workers involved with minor were at fault for father's inability to contact minor. Father also argued that his prior convictions did not make him an unfit parent. Finally, father argued that D.M. and the trial court did not conduct a sufficient inquiry into minor's Indian ancestry.

The trial court found that father's failure to contact minor for at least six months was presumptive evidence of his intent to abandon minor and that father's testimony failed to overcome that presumption. The court also found that father's prior felony convictions proved his unfitness as a parent. Accordingly, the court granted the petition and declared minor free from the custody and control of father.

Father filed a timely notice appealing from this order.

## II. DISCUSSION

*A.*     *Abandonment*

      *1.*     *Standard of Review*

"An appellate court applies a substantial evidence standard of review to a trial court's findings under section 7822." (*Adoption of Allison C.*, *supra*, 164 Cal.App.4th at p. 1010.) Because the trial court must base its findings on clear and convincing evidence, " ' "the [appellate] court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence

4

which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find [that termination of parental rights is appropriate based on clear and convincing evidence].” ’ ” (*In re Brittany H.* (1988) 198 Cal.App.3d 533, 549; see *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995.)  The appealing party has the burden of showing the evidence is insufficient to support the trial court’s findings.  (*Adoption of A.B.* (2016) 2 Cal.App.5th 912, 923.)

When looking at the evidence, we “must accept as true all evidence tending to establish the correctness of the findings of the trial judge.  All conflicts in the evidence must be resolved in favor of the respondents and all legitimate and reasonable inferences must be indulged in to uphold the judgment.” (*In re Brittany H.*, *supra*, 198 Cal.App.3d at p. 549.)  This means that “[a]ll evidence most favorable to respondents must be accepted as true and that which is unfavorable discarded as not having sufficient verity to be accepted by the trier of fact.  If the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed.” (*Ibid.*)  “[T]he power of the reviewing court begins and ends with the determination of whether there is any substantial evidence, contradicted or uncontradicted which will support the conclusions reached by the trial court.” (*Ibid.*)

### 2.    *Type of Abandonment*

On appeal, father first argues that insufficient evidence supports the trial court’s finding that he abandoned minor because he did not leave minor with D.M.  We conclude he failed to preserve this argument for appeal and, in any event, substantial evidence supports the court’s implied finding.

A court may declare a child free from a parent’s custody and control if the parent has abandoned the child.  (Fam. Code, §§ 7820, 7822; *In re Marriage of Jill & Victor D.* (2010) 185 Cal.App.4th 491, 500.)   Section 7822 provides three definitions of abandonment, two of which are relevant here.  Under subdivision (a)(2), a parent abandons a child by leaving the child “in the care and custody of another person for a period of six months without any provision for the child’s support, or without

5

communication from the parent or parents, with the intent on the part of the parent or parents to abandon the child." (§ 7822, subd. (a)(2).) Under subdivision (a)(3), a parent abandons a child by leaving the child "in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent, with the intent on the part of the parent to abandon the child." (§ 7822, subd. (a)(3).)

Father forfeited this argument by failing to raise it in the trial court. (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [pursuant to " 'well-established procedural principle,' " "an appellate court will not consider claims of error that could have been—but were not—raised in the trial court"].) Had father argued that the longer one-year period in section 7822, subdivision (a)(3) applied because he left minor with mother, the trial court could have decided that issue, but father's failure to raise the issue precluded such a finding. (See *People v. Tully* (2012) 54 Cal.4th 952, 980 [" '[a] party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct' "].)

In any event, substantial evidence supports a finding that father failed to support, communicate with, or regain custody of minor from May 2021, when mother came and took minor, until at least January 2024, when father texted grandmother asking about minor. Substantial evidence also supports a finding that father knew minor was not staying with mother as early as May 2023. Despite this knowledge, father made no effort to contact minor until at least January 2024, more than six months later, and made no effort to support minor or pursue the custody action he had filed. As a result, we conclude substantial evidence supports a finding under section 7822, subdivision (a)(2) or (a)(3) that father left minor for the required time period. (See *In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1384 [affirmance is proper if the judgment is correct on any theory of law applicable to the case].) For all these reasons, father's argument that he did not abandon minor by leaving him with mother fails.

*3. Intent to Abandon*

Father also contends substantial evidence does not support the trial court's finding that he intended to abandon minor. We disagree.

A failure to provide support or communicate with the child is presumptive evidence of an intent to abandon, and token efforts will not overcome the statutory presumption. (§ 7822, subd. (b).) In determining a parent's intent to abandon, the trial court "must objectively measure the parent's conduct, 'consider[ing] not only the number and frequency of his or her efforts to communicate with the child, but the genuineness of' the parent's efforts." (*Adoption of A.B.*, *supra*, 2 Cal.App.5th at p. 923.) "The parent need not intend to abandon the child permanently; rather, it is sufficient that the parent had the intent to abandon the child during the statutory period." (*In re Amy A.* (2005) 132 Cal.App.4th 63, 68.)

Here, after mother took minor to Lassen County in 2021, father did not pursue his custody action, did not communicate with minor, did not support minor, and did not make more than token efforts to locate minor until at least January 2024. Father claimed to be unable to find mother, but he failed to make any effort to locate her or minor. When contacted about child support for minor by a state agency, father made no effort to use that contact to locate minor. Father testified that, at some point, his adult daughters checked to see if they could send a message to D.M. through Facebook, but father did not ask his daughters to take any other actions to attempt to locate or contact minor.

In January 2024, father contacted grandmother by text message—father had known her phone number and address for years, which demonstrates that he could have made additional efforts to locate minor sooner. Even after his release from prison, father made no effort to send any support to minor.

This evidence, viewed in the light most favorable to the trial court's ruling, establishes that father made no effort to support minor and made, at best, token efforts to communicate with minor from May 2021 until at least January 2024. This amply

supports the court's finding by clear and convincing evidence that father intended to abandon minor.

Having determined that substantial evidence supported the trial court's decision to terminate father's parental rights, we need not and do not address the parties' arguments regarding section 7825, the other basis for the trial court's ruling. (See *In re Noreen G.*, *supra*, 181 Cal.App.4th at p. 1384 [affirmance is proper if the judgment is correct on any theory of law applicable to the case].)

**B.      ICWA**

Father also contends that the trial court failed to comply with the ICWA. D.M. contends that the trial court sufficiently inquired into minor's status as an "Indian child" and, in any event, the court will comply sufficiently in the subsequent adoption proceeding. We conclude a remand is necessary to comply with the applicable California Rule of Court.

Rule 5.481 of the California Rules of Court[2] applies when a party seeks a "declaration freeing a child from the custody or control of one or both parents" and gives a duty to the court, any court-connected investigator, and the petitioning party to "inquire whether a child is or may be an Indian child." (Cal. Rules of Court, rule 5.481(a); see also rule 5.480.) The petitioning party must ask a specified list of people "whether the child is or may be an Indian child . . . and must complete the *Indian Child Inquiry Attachment* (form ICWA-010(A)) and attach it to the petition." (Rule 5.481(a)(1).) The trial court must ask parents who appear in the proceedings whether they have "reason to know the child is an Indian child," order parents who appear to "complete *Parental Notification of Indian Status* (form ICWA-020)," and "[i]nstruct the parties to inform the court if they subsequently receive information that provides reason to know the child is

---

[2] Undesignated rule references are to the California Rules of Court.

an Indian child." (Rule 5.481(a)(2).) If a parent does not appear, the court must order the moving party to "use reasonable diligence to find and inform the parent, Indian custodian, or guardian that the court has ordered the parent, Indian custodian, or guardian to complete *Parental Notification of Indian Status* (form ICWA-020)." (Rule 5.481(a)(3).)

D.M. and the trial court have failed to comply with these initial duties under rule 5.481(a)(1)-(2). The parties have not submitted the required forms, and the court has not instructed the parties to inform it if the parties subsequently receive information that provides reason to know minor is an Indian child. Due to these errors, we conclude conditional reversal and remand to comply with rule 5.481 is necessary.

Our Supreme Court's recent decision in *In re Dezi C.* (2024) 16 Cal.5th 1112 is instructive. In that case, the parties agreed that the trial court had failed to make the initial inquiry required by Welfare and Institutions Code section 224.2. (*In re Dezi C.*, at p. 1134.) The court concluded that such failure "renders it impossible to review for prejudice the trial court's implied finding that ICWA does not apply." (*Id.* at p. 1137.) But, in the absence of any error in the related dependency proceedings, full reversal of the judgment was unwarranted. (*Ibid.*) Accordingly, the court conditionally reversed the judgment and remanded for additional inquiry and a separate postjudgment hearing to determine whether the ICWA applied. (*Ibid.*)

Here, the evidence does not establish that minor is an Indian child under the ICWA. (See 25 U.S.C. § 1903(4) [" 'Indian child' " is defined as "either (a) a member of an Indian tribe or (b) . . . eligible for membership in an Indian tribe and . . . the biological child of a member of an Indian tribe"].) Grandmother testified that minor's great-great-grandparent had Indian ancestry, which she believed came from an unspecified Cherokee tribe. Father testified that he had a "[l]ittle bit" of Indian ancestry, which he believed came from an unspecified Cherokee tribe.

9

Under the majority's reasoning in *In re Dezi C*., the lack of compliance with rule 5.481 renders it impossible for us to determine whether the trial court could have impliedly found that the ICWA does not apply. Because the trial court did not err in declaring minor free from father's custody and control under section 7822, however, full reversal is not appropriate. Instead, we will conditionally reverse the judgment and remand for further compliance with rule 5.481.

## III. DISPOSITION

The order declaring minor free from father's custody and control is conditionally reversed. The matter is remanded to the trial court for compliance with rule 5.481, consistent with this opinion. If the court finds the participants have sufficiently complied with rule 5.481 and concludes the ICWA does not apply, then the court shall reinstate the order declaring minor free from father's custody and control. If the juvenile court concludes the ICWA applies, then it shall proceed in conformity with the ICWA and California implementing provisions. (See 25 U.S.C. § 1912(a); §§ 177, 180.)

/s/_____
WISEMAN, J.*

We concur:


/s/_____
MAURO, Acting P. J.


/s/_____
KRAUSE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.